No. 323
FIDELITY & CAS. CO. v. McCLURE
Ohio Appeals, 8th Dist., Cuyahoga County
647. INSURANCE — Sufficient circumstances held to exist in action for insurance of jewels to warrant an inference of theft thereof.
1273. WITNESSES—Diamond man held qualified to testify as to value of jewels which he had casually seen.
225. CHARGE TO JURY—Instruction that proof of disappearance of jewelry does not constitute larceny of jewels insured not erroneous.
465. ERROR—Refusing to allow special verdict where counsel does not state upon what issues he desired such a finding held not erroneous.

VICKERY, P. J.       Epitomized Opinion
Published Only in Ohio Law Abstract
Ethel McClure brought an action against the Fidelity & Casualty Co. to recover a certain amount for jewels she had lost as she claimed, by theft, against the Insurance Co.., which had insured her on a surety bond against larceny, theft and burglary of jewels in her house. Mrs. McClure lived at the corner of Detroit and Edwards avenues in the City of Lakewood. She had returned home from a visit, having motored all the way back. When she reached home the baggage was taken from the automobile and put upon the porch. She testified that she had the handbag in her hand, or at least thought she had, when she got out of the automobile and went to the rear of her house to look at the construction of a certain building. Some time lated she missed the bag, which contained the jewels.

There was no evidence to the effect that any one had broken into the house. There was some evidence that workmen had come into the house to use the telephone, but aside from that there was no evidence of any character tending to show that the jewels had been stolen. The plaintiff testified that the stones were valued at $6,000. An officer in connection with the firm of Cowell & Hubbards testified as to the value of the ring, but he had not seen the brooch. As the jury returned a verdict in favor of plaintiff for $5,000, defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The evidence fairly warranted, or at least there was evidence from which the jury could draw an inference, that the handbag containing the diamonds was placed in the house and that it disappeared from the place where it was put, and that it had never been found or returned.

2. As the officer of the Cowell & Hubbard Company had seen the diamonds, he was qualified to testify as to the value of the ring at least.

3. As the court charged the jury that proof of the disappearance of the jewelry did not constitute larceny or theft, the court committed no error in refusing to give the charges requested by the defendant on that subject.

4. Under 11460 and 11462 GC. either party is entitled to ask for a special verdict, but in order to make use of this instrument counsel must clearly state upon what issues he desires such a finding. Consequently, where the counsel is so general in his language in making such request that the Court is unable to know just what to do, no error is committed in refusing to request a special verdict.

Attorneys—Howell, Roberts & Duncan, for Fidelity & Casualty Co.; Boyd, Cannon, Brooks & Wickham, for McClure, all of Cleveland.

No. 324
COLUMBUS, D. & M. ELECT. Co. v.
EARLY, Adm.
Ohio Appeals, 2nd Dist., Franklin County
No. 1121. Decided Feb. 14, 1924
1115. STREET RAILWAYS—Street railways and pedestrians have equal rights in city streets.

ALLREAD, J.       Epitomized Opinion
Published Only in Ohio Law Abstract
Original action for damages in the Common Pleas wherein Edward J. Early, administrator, was plaintiff and the Columbus, D. & M. Electric Co. was defendant. Defendant's interurban car was passing along a street in Columbus when plaintiff's decedent, a boy 4 years old, walked out into the street, from behind an automobile into the path of the car, which ran over and killed him. The action was based upon three grounds of negligence; first, defective construction of the pilot, and second and third, the negligence of the motorman in failing to see the child and stop the car and in failing to give a warning by signal or bell. Judgment was rendered for plaintiff for $2,000. The Electric Co. prosecuted error. Held:

There is grave doubt if the averments and the proof upon the first ground of negligence are sufficient, but that is not ground for reversal if the verdict and judgment may stand upon one or both of the other assignments of negligence. A railway company, operating cars upon a street in a municipality, and a pedestrian have, in a legal sense, equal rights to the use of the streets, and each must exercise due care in view of the circumstances. There was evidence from which the jury might legitimately infer the negligence on the part of the motorman ascribed to him in the second and third assignments of negligence. Judgment affirmed.

Attorneys—W. P. Moloney , Marion, for Electric Co.; John A. Connor and Harry P. Nester, for Early.